Matthew M. Levy, J.
This is an application by plaintiff for judgment on the amended and supplemental complaint and for an assessment of the damages, based on alleged default in answer. The motion is directed against the defendants Poly-Seal Corporation, Thomas B. Gilchrist, Jr., and Irving Brown, Jr., and severance is asked in respect of the defendant Robert A. Weaver.
It appears that the respondents on this motion had moved to dismiss certain of the causes of action upon the ground that they were barred by the Statute of Limitations (Rules Civ. Prac., rule 107, subd. 5). The court denied the motion to dismiss by order dated January 31,1962, entered the same day. Plaintiff served the order with notice of entry, by mailing it on February 5, 1962. Time to answer was thereby extended, as a matter of right, to “ before the expiration of ten days after ” February 5, 1962 (Civ. Prac. Act, § 283) plus three days by virtue of the mail service upon defendants (Civ. Prac. Act, § 164). Thus, defendants’ time to answer, as to the three causes of action referred to, would expire on February 18, 1962.
Plaintiff’s notice of motion for judgment by default was served on February 26,1962, returnable March 5,1962. Defendants’ proposed answer is verified March 1, 1962. By cross motion, served on March 1, 1962, returnable March 5, 1962, defendants moved for an order to compel plaintiff to accept the answer. The cross motion was made because, as stated by defendants, it was their belief that plaintiff would not accept the answer. The reason for the short delay between February 18, the time to answer, and March 1, the time of verification of the answer, is, as stated in the affidavit, that defendant Gilchrist, who has complete knowledge of the facts, is a member of the Bar, holding an appointment in the service of the State of New York, the duties of which have been occupying his time, making it difficult, within the past few weeks, to arrange the necessary appointment promptly to prepare the answer.
*1056 The motion by defendants to compel acceptance of the answer as a matter of right must be denied. There is no g’ainsaying the fact that they are in default, for however so short a period. Moreover, while no express mention appears to have been made of it by any of the parties, my study of the papers discloses that no answer ivas served by Poly-Seal to, or motion directed against, the first count (Civ. Prac. Act, § 281), and therefore there was no extension of time granted by statute (Civ. Prac. Act, § 283), and defendant Poly-Seal’s time to answer expired 20 days after November 10, 1961, when, I gather, defendant Poly-Seal’s attorney received a copy of the amended and supplemental complaint and served his notice of appearance on Poly-Seal’s behalf. However, such denial of defendants’ cross motion is without prejudice to an application to open their default. I do not now consider the cross motion as amenable to such construction because defendants have failed completely to present any proof to show merit in their denials or defenses.
Insofar as the motion-in-chief is concerned, it must be and is granted. But, in view of the circumstances as to the default in pleading indicated in the papers, an order thereon will not be entered until 15 days from the date of the publication of this decision, so as to give defendants an opportunity, if they are so advised, to move to open their default. After such time, an order may be settled accordingly.